**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4236**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

PEDRO OCHOA, a/k/a Pepe,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:10-cr-01104-RMG-1)

———————

Submitted: October 30, 2013      Decided: November 21, 2013

———————

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Ochoa pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2006) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2006). Pursuant to a downward departure for substantial assistance and a variance, the court sentenced Ochoa to a term of 120 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Ochoa's guilty plea colloquy substantially complied with Fed. R. Crim. P. 11 and whether his sentence is reasonable. Although Ochoa was informed of his right to file a pro se supplemental brief, he has not done so. Finding no error, we affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in

2

the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). "In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Ochoa did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Upon a thorough review of the record, we conclude that the district court substantially complied with Rule 11 and that Ochoa's plea was knowing and voluntary. Though the district court did not inform Ochoa of the government's right, in a prosecution for perjury or false statement, to use any statement Ochoa made under oath against him, Fed. R. Crim. P. 11(b)(1)(A), we conclude that this error did not affect Ochoa's substantial rights.

Next, we review Ochoa's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing we first examine the sentence for significant procedural error, including whether

3

the district court properly calculated the defendant's advisory Guidelines range, considered the parties' arguments in light of the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, and adequately explained the selected sentence. Id. When considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id. If the sentence is within or below the properly calculated Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Upon our review, we conclude that Ochoa's below-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ochoa, in writing, of the right to petition the Supreme Court of the United States for further review. If Ochoa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ochoa. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED